[Civ. No. 49905. First Dist., Div. Two. June 3, 1983.]

SAN FRANCISCO FIRE FIGHTERS, LOCAL 798, INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS, AFL-CIO, Plaintiff and Appellant, v. RETIREMENT BOARD OF THE SAN FRANCISCO CITY AND COUNTY EMPLOYEES' RETIREMENT SYSTEM et al., Defendants and Respondents.

COUNSEL

Duane W. Reno, Davis & Reno and Davis, Cowell & Bowe for Plaintiff and Appellant.

George Agnost, City Attorney, and Dan Maguire, Deputy City Attorney, for Defendants and Respondents.

OPINION

KLINE, P. J.—

### STATEMENT OF THE CASE

The San Francisco Fire Fighters Local 798, International Association of Fire Fighters, AFL-CIO (plaintiff), filed a petition for a writ of mandate in the San Francisco Superior Court on behalf of Joseph Del Bene, a fire fighter and member of the union, and on behalf of other members similarly situated. The plaintiff sought a peremptory writ to compel the Retirement Board of the San Francisco City and County Employees' Retirement System (Board) to include roughly three and one-half years Del Bene received disability retirement benefits as years of service necessary for service retirement benefits. The superior court denied the petition. Plaintiff's request for reconsideration of the decision was denied, and a judgment of dismissal was rendered on February 22,

1980. Plaintiff's motion to vacate the judgment and enter a different judgment was denied. We affirm.

## FACTS

Joseph Del Bene was born on January 5, 1927. He began his employment with the San Francisco Fire Department on April 23, 1952. On February 6, 1957, he retired because of an injury sustained in the course of his employment. He received disability retirement benefits until June 1, 1961, when he returned to work for the San Francisco Fire Department. Since then he has been continuously employed by that department. During the period he received disability retirement benefits, he made no contributions to the retirement system.

■ The sole issue presented on appeal is whether the Board must include the period the fire fighter received disability retirement benefits for a service-connected disability when computing a San Francisco fire fighter's years of service to qualify for service retirement.

## DISCUSSION

Joseph Del Bene's eligibility for service retirement benefits is governed by sections 8.585 through 8.585-13 of the San Francisco Charter.[1] Section

---

[1]Pertinent charter sections provide in relevant part as follows:

"8.585.1 Definitions

"The following words and phrases as used in this section, section 8.585 and sections 8.585-2 through 8.585-13, unless a different meaning is plainly required by the context, shall have the following meanings:

" . . . . . . . . . . . . . . . . . .

" 'Compensation,' as distinguished from benefits under the Workmen's Compensation Insurance and Safety Act of the State of California, shall mean the remuneration payable in cash, by the city and county, without deduction except for absence from duty, for time during which the individual receiving such remuneration is a member of the fire department, but excluding remuneration paid for overtime.

" . . . . . . . . . . . . . . . . . .

"8.585-2 Service Retirement

"Any member of the fire department who completes at least twenty-five years of service in the aggregate and attains the age of fifty (50) years, said service to be computed under section 8.585-10, may retire for service at his option. Members shall be retired on the first day of the month next following the attainment by them of the age of sixty-five years. A member retired after meeting the service and age requirements in the two sentences next preceding, shall receive a retirement allowance equal to fifty-five per cent of the final compensation of said member, as defined in section 8.585-1, plus an allowance at the rate of four per cent of said final compensation, for each year of service rendered in excess of twenty-five years; provided, however, that such retirement allowance shall not exceed seventy-five per cent of said member's final compensation. A member retired after attaining the age of sixty-five years, but before completing twenty-five years of service in the aggregate computed under section 8.585-10, shall receive a retirement allowance which bears the same ratio to fifty per cent of the final compensation of

8.585-2 provides that a member of the fire department may retire when he attains the age of 50 years and completes 25 years of service, "said service to be computed under section 8.585-10." Section 8.585-10, subdivision (1), provides that the time of service includes "[t]ime during and for which said member is entitled to receive compensation because of services as a member of the fire or police department." As used in this section, the word "compensation" means the "remuneration payable in cash, by the city and county, without deduction except for absence from duty, for time during which the individual receiving such remuneration is a member of the fire department, but excluding remuneration paid for overtime." (§ 8.585-1.)

Generally, retirement benefits are considered an element of "contractual compensation" earned by the employee. (See *City etc. of San Francisco* v. *Workmen's Comp. App. Bd.* (1970) 2 Cal.3d 1001, 1010 [88 Cal.Rptr. 371, 472 P.2d 459].) Thus, in a broad sense, Del Bene's disability retirement benefits could be considered "compensation because of services as a member of the fire . . . department." The question, however, is whether the word "compensation," as defined in section 8.585-1, is limited to "remuneration

---

said member, as defined in section 8.585-1, as the service with which he is entitled to be credited, bears to twenty-five years. . . .

"8.585-3 Retirement for Incapacity

"Any member of the fire department who becomes incapacitated for the performance of his duty by reason of any bodily injury received in, or illness caused by performance of his duty, shall be retired. If he is not qualified for service retirement, he shall receive a retirement allowance in an amount which shall be equal to the same percentage of the final compensation of said member, as defined in section 8.585-1, as his percentage of disability is determined to be. . . . [S]uch retirement allowance shall be in an amount not less than fifty per cent nor more than ninety per cent of the final compensation of said member, as defined in section 8.585-1. Said allowance shall be paid to him until the date upon which said member would have qualified for service retirement had he lived and rendered service without interruption in the rank held by him at retirement, and after said date the allowance payable shall be equal to the retirement allowance said member would have received if retired for service on said date based on the final compensation, as defined in section 8.585-1, he would have received immediately prior to said date, had he lived and rendered service as assumed, but such allowance shall not be less than fifty-five per cent of such final compensation.

"If at the time of retirement because of disability, he is qualified as to age and service for retirement under section 8.585-2, he shall receive an allowance equal to the retirement allowance which he would receive if retired under section 8.585-2, but not less than fifty-five per cent of said final compensation. . . . If his disability shall cease, his retirement allowance shall cease, and he shall be restored to the service in the rank he occupied at the time of his retirement.

". . . . . . . . . . . . . . . . . . .

"8.585-10 Computation of Service

"The following time shall be included in the computation of the service to be credited to a member of the fire department for the purposes of determining whether such member qualified for retirement, and calculating benefits, excluding, however, any time, the contributions for which were withdrawn by said member upon termination of his servce while he was a member under any other charter section, and not redeposited upon reentry into service:

"(1) Time during and for which said member is entitled to receive compensation because of services as a member of the fire or police department. . . ."

payable in cash" earned by an active or working member of the fire department, as distinguished from a nonworking or disabled member. No case has been cited, or found by independent research, that has construed the word "compensation" as used in sections 8.585 through 8.585-13 of the San Francisco Charter.

Plaintiffs rely primarily on this court's decision in *LePage* v. *City of Oakland* (1970) 13 Cal.App.3d 689 [91 Cal.Rptr. 806], which involved the same issue presented here but different charter provisions. In *LePage*, an Oakland police officer was retired for a service-connected disability. His disability ended and he returned to active duty as an Oakland policeman. When he applied for years-of-service retirement, the Oakland Police and Fire Retirement Board refused to give him credit for the time he received disability retirement benefits. The Oakland Charter contained the following provisions:

"Section 240: '"*Compensation*" as distinguished from benefits under the Labor Code of the State of California, shall mean the monthly remuneration payable in cash, by the City, without deduction, for time during which the individual receiving such remuneration is a member of the Police or Fire Department, but excluding remuneration paid for overtime and for special details or assignments as provided in Sections 91 and 97 of the Charter.' [Italics added.]

". . . . . . . . . . . . . . . . . . . .

"Section 242: 'TIME AND SERVICE TO BE INCLUDED [¶] The following time and service shall be included in the computation of the service to be credited to a member for the purpose of qualification for retirement and death benefits and for calculation of retirement benefits:

"'(1) Time during and for which said member received *compensation* as a member of the Police or Fire Department prior or subsequent to the effective date of this Article, *including all such time said member was unable to perform his duties by reason of injury or sickness from any cause.*' [Italics added.]" (*Id.*, at pp. 693-694, fn. 3.) In *LePage*, this court concluded that sections 240 and 242 of the Oakland Charter, stating the time and service to be credited toward years-in-service retirement eligibility, were broad enough to include time spent in service-incurred disability retirement.

In contrast to section 242 of the Oakland Charter, section 8.585-10 of the San Francisco Charter does not expressly include, as service time, "such time said member was unable to perform his duties by reason of injury or sickness from any cause." This is a material distinction.

Section 240 of the Oakland Charter defines compensation as "monthly remuneration payable in cash . . . , without deduction, for time . . . ." In *LePage*, we rejected the city's argument that the term "compensation" included only salary while on active duty. (13 Cal.App.3d at p. 695.) In this case, section 8.585-1 of the San Francisco Charter defines compensation as the "remuneration payable in cash . . . , without deduction except for absence from duty, for time . . . ." The words "except for absence from duty" would appear to exclude disability retirement benefits.

Section 8.585-3 of the San Francisco Charter provides that if a fire fighter is forced to retire because of an injury or illness caused by performance of his duty, and if at that time he is not qualified for service retirement, he is entitled to a retirement allowance as prescribed by that section. He continues to receive that retirement allowance until the date he would have qualified for service retirement had he rendered service without interruption in the rank held by him at retirement, and after that date "the allowance payable shall be equal to the retirement allowance said member would have received if retired for service on said date based on the final compensation, as defined in section 8.585-1 . . . ."

Plaintiff argues that *LePage* was based primarily upon a similar provision of the Oakland Charter and that the same result must obtain in this case. It is true that *LePage* did rely upon the recalculation provision of the Oakland Charter to support its conclusion that "time spent in service-connected disability retirement should be counted for in-service retirement, as the employee is treated as continually in the service." (*Id.,* at p. 696.) However, the court discussed the effect of the provision only after its analysis of the charter's definition of "compensation" first led it to conclude that "[t]he above language alone is broad enough to include a work-incurred disability." (*Id.,* at p. 695.)

The San Francisco Charter contains no such inclusive definition and explicitly provides for deduction from compensation for periods of absence from duty. The language of the San Francisco Charter itself is in this case dispositive. Therefore, we need not address the effect of the recalculation of benefits provision.

We are not unmindful of the well-established rule that pension statutes should be liberally construed, and ambiguities resolved in favor of the applicant. (See *LePage* v. *City of Oakland, supra,* 13 Cal.App.3d at p. 695; *Neeley* v. *Board of Retirement* (1974) 36 Cal.App.3d 815, 822 [111 Cal.Rptr. 841].) However, we view the definition of "compensation" contained in section 8.595-1, when read together with section 8.595-10 regarding computation of retirement service credit, to clearly exclude from the computation for service retirement qualification the period of time during which plaintiff was "absent from duty" but received disability benefits.

Affirmed.

Miller, J., and Smith, J., concurred.

A petition for a rehearing was denied July 1, 1983.